[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Lester Winot, brought a one count complaint CT Page 12593 alleging that the defendant, Edward J. Lazarin failed to pay on a certain promissory note dated April 24, 1985 in the principal amount of $20,000. The plaintiff further alleges that the defendant made periodic payments in 1988, 1989 and 1994. The plaintiff also alleges that the defendant further acknowledged the debt to the plaintiff on or about July 1, 1997. The plaintiff claims he is presently due and owing principal and interest in the amount of $51,841.13.
The defendant admits that in fact a loan was made to him by the plaintiff on April 25, 1985 but generally denies that the loan has any outstanding balance due. Further, by way of special defense, the defendant alleges payment and, secondly, that the action is barred by the statute of limitations. This matter was tried to the court on September 8, 1999.
The court makes the following findings of fact. For a number of years the plaintiff and defendant were co-employees at a rigging company in New Britain and had developed a friendship. In 1984 the defendant decided to establish his own rigging company known as Lazarin Crane with his wife as co-owner. To facilitate the establishment of this new business the plaintiff agreed to lend to the defendant $25,000.00. In order to obtain the funds to loan to the defendant, the plaintiff agreed to borrow money from The Banking Center using a certificate of deposit as collateral. The plaintiff and defendant went to the bank on April 26, 1984 and the plaintiff executed a note for $25,000 in favor of the bank. The note, Exhibit 5, provided for the payment of interest at 2% above the savings rate then in effect.
Also on April 26, 1984 the plaintiff and defendant executed an agreement ("Note 1") whereby the plaintiff loaned $25,000 to the defendant who agreed to repay the amount with interest. Interest was to be paid by the defendant at the "C.D. interest rate until 6/29/84 at which time the C.D. matures." Exhibit 1. The plaintiff agreed to pay off the loan from The Banking Center by June 28, 1984 and the defendant agreed to "continue to pay interest at the current C.D. rate, for a period of 3 years. The 3 year period will be interest only, any payment on principal will be at the option of Edward J. Lazarin at end of 3 year period principal or refinancing is due." Exhibit 1. On November 14, 1986 Note 1 was marked paid and returned to the defendant. The testimony by the defendant's wife indicated that the note may have been paid earlier than November 14, 1986 but that was when it was actually marked paid. CT Page 12594
On April 24, 1985 the defendant again borrowed money from the plaintiff. This time in the amount of $20,000 at a rate of" 11.79% or the rate over the C.D. at given time." ("Note 2"). Exhibit 2. Only interest payments were required for three years at which time the principal was due in full. The plaintiff, in order to obtain the funds to loan to the defendant, borrowed $20,000 from First Federal Savings and Loan on April 23, 1985. Exhibit 6. The plaintiff did not borrow the funds from the Banking Center on this second transaction because he had switched all his accounts to First Federal. At no time did the defendant or his company have any banking relationship with either The Banking Center or First Federal.
The plaintiff claims that he is presently due and owing $60,156.46 on Note 2 dated April 24, 1985. He indicates further that he received payments of $6,435 in 1987, $565 in 1988, $1400 in 1989, and $1500 in 1994 towards the principal and interest on Note 2. He does not dispute that Note 1 was paid in full.
The defendant claims that both Note 1 and Note 2 were paid by Lazarin Crane. The defendant offered the testimony of Diane Lazarin as well as the ledgers of Lazarin Crane for the years 1984 through 1989 and a ledger from 1994. Exhibit A. Additionally, the defendant offered Exhibit E which was a synopsis of the ledgers indicating all claimed payments made against Notes 1 and Note 2. The parties agreed that if those payments set forth in Exhibit F had in fact been made to the plaintiff then both Note 1 and 2 were paid in full. Additionally, when questioned by the court, the plaintiff testified that the C.D. rate in 1984 was approximately 11%. The court using this information has confirmed to its satisfaction that if the payments set forth in Exhibit E were made then the notes have been paid in full.
Therefore the first issue for the court to decide is whether those payments contained in Exhibit E were made to the plaintiff or for his benefit. The burden of proof rests squarely on the defendant to demonstrate that payment was made. Practice Book § 10-50 requires that payment must be specially pleaded thus placing the burden on the defendant. The defendant has sustained that burden by a fair preponderance of the evidence.
The defendant produced numerous handwritten ledgers documenting the day to day payments made by the corporation. CT Page 12595 These ledgers were produced based upon the check stubs in the corporate checkbook. The wife of the defendant testified that she was responsible for the payment of bills and gave directions to the corporate bookkeeper as to which amounts to pay and to whom. The court accepts those records as an accurate statement of amounts paid. The court also accepts the testimony of the plaintiffs wife that the five payments made to her were either cashed or endorsed over to the plaintiff and that the payments made to the Banking Center and to First Federal were made on the plaintiffs behalf. A final cash payment was made on July 7, 1989 to the plaintiff. That cash payment also appears on the plaintiffs summary of payments contained in Plaintiff's Exhibit 4 and the court finds that this payment was the final payment on the outstanding loans.
The defendant also claims that this action is barred by the statute of limitations. The court agrees.
The loan was made to the defendant on April 24, 1985. The note became due at the end of three years according to its terms. Thus the statute of limitations commenced running on April 25, 1988. Assuming that the last payment made on July 7, 1989 constituted an unequivocal acknowledgment of the debt, the plaintiffs action would have to be brought by July 7, 1995 in order to be within the six year statute. The action was commenced in February 1998.
The plaintiff claims that a $1500 payment made by the defendant in 1994 again tolled the statute of limitations. The court disagrees. This payment was not a repayment on the note dated April 24, 1985 but rather a loan from the defendant to the plaintiff at a time when the plaintiff was short on funds. In any event, this was not an unequivocal acknowledgment of the debt (Note 2) nor was there any other unequivocal acknowledgment that would toll the statute of limitations. Zapolasky v. Sacks,191 Conn. 194 (1983).
Based upon the foregoing judgment may enter accordingly for the defendant.
Zarella, J.